458 So.2d 1016 (1984)
STATE of Louisiana, Appellee,
v.
Ronald E. GARDNER, Appellant.
No. CR83-1057.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
Steven C. Graalmann, Broussard, Bolton & Halcomb, Alexandria, for defendant-appellant.
Norris Dale Jackson, Asst. Dist. Atty., Jena, for plaintiff-appellee.
Before FORET, DOUCET and KNOLL, JJ.
*1017 FORET, Judge.
On January 20, 1983, defendant was charged by two separate bills of information with resisting an officer (LSA-R.S. 14:108) and disturbing the peace (LSA-R.S. 14:103). On August 23, 1983, defendant received a bench trial which resulted in his conviction on the charge of resisting arrest and his acquittal on the charge of disturbing the peace. On September 23, 1983, defendant was sentenced to pay a fine of $500 and, in default, to serve thirty days in the parish jail.
The defendant has not filed any assignments of error. As a result, this case is subject only to review for errors patent on the face of the record. LSA-C.Cr.P. Art. 920(2); State v. Jackson, 332 So.2d 211 (La.1976). Our review of the record has revealed an error patent, and accordingly, we reverse defendant's conviction.
A defendant is entitled to a jury trial when a prosecution against him could result in a sentence of more than six months' imprisonment. LSA-Const. Art. 1, § 17; State v. Laurendine, 439 So.2d 398 (La.1983); State v. Williams 404 So.2d 954 (La.1981). In the present case, the court tried the defendant on both charges at once. Although there was no mention of consolidation, under such circumstances, the charges are considered as if they were joined and, for the purpose of determining defendant's right to a jury trial, the possible punishment is the sum of the maximum period of confinement which the court could have imposed with regard to each crime. In this case, the sum of the maximum periods of confinement is greater than six months since the maximum period of confinement for resisting an officer is six months and the maximum period of confinement for disturbing the peace is ninety days. It follows that defendant was entitled to a jury trial.
Although a defendant who is entitled to a jury trial may waive that right, such waiver is not presumed. State v. Laurendine, supra; State v. Williams, supra. Nothing in the record before us indicates that defendant waived his right to trial by jury. This lack of an indication of a waiver by defendant is an error patent.
For the foregoing reasons, defendant's conviction is reversed, his sentence is vacated, and the case is remanded for a new trial.
REVERSED AND REMANDED.