541 So.2d 409 (1989)
STATE of Louisiana
v.
Otis PAGE.
No. 88-KA-1383.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1989.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for Otis Page.
Harry F. Connick, Dist. Atty. and Guy E. Weigel, Asst. Dist. Atty., New Orleans, for the State.
Before BARRY, LOBRANO and WARD, JJ.
WARD, Judge.
Otis Page was charged by bill of information with possession with intent to distribute Phencylidine (PCP) and distribution of marijuana. On October 7, 1985 Page pled guilty to the distribution of marijuana charge. On that same day he was tried by a judge on the PCP offense and found guilty as charged. Page was found to be a multiple offender and sentenced to serve three and one-third years on each count to run concurrently with any other sentence.
Page argues that three errors by the Trial Court warrant reversal of his conviction.
By his first assignment of error, appellate counsel[1] argues the record fails to show Page knowingly and intelligently waived his right to jury trial.
Although C.Cr.P. art. 780 allows a defendant charged with an offense, other than *410 one punishable by death, to waive a trial by jury and elect trial by the district judge, the waiver must be knowing and intelligent. Additionally, the Court must indulge every reasonable presumption against waiver of the right. State v. McCarroll, 337 So.2d 475 (La.1976).
The record is devoid of any indication Page was informed by the trial judge of his right to a jury trial.
The only evidence of his waiver of a jury on the PCP charge is his attorney's remark that "... as to that count [PCP] we would waive a jury trial and just ask to be tried in front of the judge today." Counsel's remark does not reflect he advised or consulted Page prior to waiving the jury or that Page consented to the waiver.
The Supreme Court has refused to adopt an absolute rule that no jury waiver can be effective unless the record reflects that the accused was personally informed by the judge of his right to a jury trial. State v. Phillips, 365 So.2d 1304 (La.1978), cert. denied 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed. 2d 287 (1979). Nevertheless, in State v. Wilson, 437 So.2d 272 (La.1983), the Supreme Court said that when a defendant waives such a valuable right, the trial judge should advise the defendant of his right to trial by jury and require the defendant to personally waive the right either in writing or by oral statement in open court on the record. A knowing and intelligent waiver of that right will not be presumed from a silent record. Wilson, supra. We reverse Page's conviction and sentence on the PCP charge and remand the matter for re-trial.
Our ruling on Page's first assignment of error makes discussion of the other two assignments unnecessary.
REVERSED AND REMANDED.
NOTES
[1] Page was represented by a different attorney at trial.