602 So.2d 121 (1992)
STATE of Louisiana
v.
Sherri F. KING.
No. 91-KA-2052.
Court of Appeal of Louisiana, Fourth Circuit.
June 18, 1992.
*122 Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before BARRY, BYRNES, and JONES, JJ.
BARRY, Judge.
The defendant was charged and found guilty of possession of cocaine (La.R.S. 40:967) and intentionally acquiring or obtaining possession of oxycodone (Percodan) (La.R.S. 40:971). She was sentenced to three years at hard labor on each count, to run concurrently. On the day of trial the defendant moved to withdraw her not guilty plea and attempted to plead guilty. The plea was refused and a bench trial was held.
Ms. Scarlett Paul, a pharmacist at Eckerd Drugs, testified that on October 5, 1990 the defendant presented a prescription from Mercy Hospital for Percodan. Ms. Paul was unfamiliar with the name of the doctor on the prescription and called his office. The office informed Ms. Paul that the prescription had not been written. Ms. Paul notified Detective Ronnie Austin (who was in the pharmacy on an unrelated matter) and he told Ms. Paul to fill the prescription which the defendant received and paid for.
Ms. Paul said the defendant originally entered the store with a man and woman, and the woman later returned and told the defendant that they should leave the store. The defendant attempted to leave but was detained by Det. Austin's partner, Det. Eddie Selby. The defendant stated that she had the prescription filled for her boyfriend, Jules Wise, and her two friends were not involved. During a motion hearing, the defendant again stated that she *123 got the prescription for Jules Wise and her two companions were not involved. At trial the defendant admitted that Jules Wise was a fictitious name.
Det. Selby testified that the defendant's two companions were waiting in a car in the parking lot where he arrested co-defendant Danny Jennings. A search of the vehicle produced a number of blank prescription forms, a medicine bottle, a receipt for drugs, and papers in the name of Danny Jennings.
Det. Austin testified that he searched the defendant's purse at police headquarters and discovered a crack cocaine base pipe and rolling papers. A test of the residue in the pipe revealed cocaine.
The defendant admitted at trial that she had a previous conviction for obtaining a fraudulent prescription. She claimed that she was forced to pass the forged prescription on October 5, 1990 by Danny Jennings because he beat her and threatened her family. She stated that when she went into Eckerd's she left her purse in the car. She denied being in possession of the crack pipe and indicated that her female companion placed the pipe in her purse.

WAIVER OF JURY TRIAL
The defendant argues that the trial court erred by failing to inform her of her right to a jury trial after the court refused to accept her guilty plea.
The trial transcript shows that the judge stated before trial that the defendant elected to be tried by the court. After rejecting the defendant's guilty plea, the judge again noted that the defendant decided to be tried by the court. When defense counsel moved to withdraw the not guilty plea he stated:
[Defendant] has been explained her constitutional rights and she has chosen to waive those rights by filling out this plea of guilty form and she stands there ready to go before the court and answer any questions the court may have.
The minute entry before trial states that the defendant waived a jury trial. The minute entry at arraignment states that the defendant was advised of her rights by the court, and defense counsel entered a plea of not guilty on defendant's behalf.
The trial court's Per Curiam states that during arraignment on December 12, 1990 the defendant was notified of her right to have a trial by jury or by judge. The record shows that the arraignment was on November 15, 1990. The Per Curiam confirms that on the day of trial the defendant waived a jury after consultation with her counsel.
A defendant may knowingly and intelligently waive that right and elect to be tried by the judge. La.C.Cr.P. art. 780. The record must show that an effective waiver of a jury has been made. State v. Richardson, 575 So.2d 421 (La.App. 4th Cir.1991), writ denied, 578 So.2d 131 (La. 1991). There is no requirement that an accused must be personally informed by the judge of the right to a jury trial in order for a waiver to be effective. State v. Phillips, 365 So.2d 1304 (La.1978), cert. denied, Phillips v. Louisiana, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979), reh. denied, 444 U.S. 890, 100 S.Ct. 196, 62 L.Ed.2d 127 (1979); State v. Kahey, 436 So.2d 475 (La.1983).
In State v. Legnon, 464 So.2d 910, 914 (La.App. 4th Cir.1985), this Court found a proper waiver of the jury where the minutes reflect that "the defendant waives all rights to a trial by jury." Defense counsel had stated that a jury would be waived.
The defendant relies on State v. Page, 541 So.2d 409, writ denied, 548 So.2d 323 (La.1989), which states "A knowing and intelligent waiver ... will not be presumed from a silent record." In Page the only evidence of the waiver was his attorney's remark that a jury trial would be waived.
In this case, the judge's Per Curiam, the minute entry of the trial, defense counsel's statement that the defendant had been explained her rights and decided to waive a jury and "go before the court", and the two statements by the trial judge that the defendant had chosen a bench trial provides overwhelming proof that the defendant's waiver of a jury was knowingly and intelligently made.
*124 The defendant cites no authority for her argument that the trial judge should have sought another waiver of the jury after it refused her guilty plea.
This assignment has no merit.

SUFFICIENCY OF THE EVIDENCE
The standard of review for the appellate court is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979), rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979). When there are conflicting factual issues, a trial court's reasonable inferences of fact and evaluations of credibility should not be disturbed on review. Dobson v. Louisiana Power and Light, 567 So.2d 569 (La.1990).
The defendant was convicted for violating La.R.S. 40:971(B)(1)(b):
It shall be unlawful for any person knowingly or intentionally ... [t]o acquire or obtain possession of a controlled dangerous substance by misrepresentation, fraud, forgery, deception or subterfuge....
What constitutes "possession" of drugs was discussed in State v. Trahan, 425 So.2d 1222 (La.1983). Actual or "constructive possession" is when a drug is under one's dominion and control, even without physical custody. An essential element of unlawful possession of an illegal drug is "guilty knowledge." Id. at 1226.
The defendant argues that the State failed to prove that she had dominion or control of the Percodan, and at most, the State only proved an attempt of that crime. She claims that the pharmacist would not have filled the prescription without the intervention of Det. Austin. The defendant maintains that because she was under police control after the drugs were given to her, the police had dominion and control over the drugs. That argument is specious.
The defendant was in physical possession of the Percodan after it was purchased. "Dominion and control" over a drug relates to instances where a person has constructive, not physical possession due to knowledge that the drugs are in the area, access to the drugs and the relationship with one in actual possession. See State v. Chambers, 563 So.2d 579, 581 (La. App. 4th Cir.1990).
All essential elements of La.R.S. 40:971 were proven beyond a reasonable doubt. The defendant admitted at the scene and at trial that she used a fraudulent prescription. There were copies of blank prescription forms in the vehicle in which she admitted being a passenger. The prescription was not in her name and was forged. Those facts are clearly sufficient to convict for knowingly and intentionally obtaining possession of a controlled dangerous substance by misrepresentation, fraud, forgery, deception or subterfuge.
The defendant was also convicted under R.S. 40:967(C) which states in part, "It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II...." The elements of the crime of possession of cocaine are: 1) knowingly or intentionally 2) possessing 3) cocaine. State v. Desdunes, 576 So.2d 520 (La.App. 4 Cir.1990), writ granted and transferred by 577 So.2d 1011 (La.1990).
The defendant argues that she did not have "guilty knowledge" of the crack pipe and she did not own the pipe or put it in her purse. The purse was in the car in which she had been a passenger. She admitted owning the purse and that she had seen the pipe or a similar pipe in the possession of the other female before her arrest.
The trial court did not believe the defendant. The manifest error standard requires great deference to the trier of fact's findings as to the credibility of witnesses. "[O]nly the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's ... belief in what is said." Lirette v. State Farm Ins. Co., 563 So.2d 850, *125 852 (La.1990). We note that the defendant lied during the motion hearing and at the time of her arrest regarding the identity and involvement of her two companions.
We find the defendant had the requisite guilty knowledge as to the crack pipe in her purse. She had constructive possession of the cocaine due to her dominion and control. See Chambers, at 581.
This assignment has no merit.
The conviction and sentence are affirmed.
AFFIRMED.
JONES, J., dissents.
JONES, Judge, respectfully dissenting.
I disagree with the conclusion of the majority that the defendant waived her right to a trial by jury.
The actions of the trial court relied upon by the majority, i.e. the minute entry and the comments of counsel, all occurred prior to the defendant attempting to enter a plea of guilty.
The trial court refused to accept the plea of guilty because it was not satisfied with the answers given by the defendant during the Boykin Examination.
I agree with the defendant that it was error to immediately proceed to trial without, again, advising the defendant of her right to trial by jury, considering the events which immediately preceded commencement of trial.