GOTHARD, Judge.
The defendant, Marguerite Hornung, was charged by bill of information with failure to maintain control of a motor vehicle in violation of LSA-R.S. 32:58. In a separate bill of information the defendant was also charged with resisting an officer in violation of LSA-R.S. 14:108 and simple battery on a police officer in violation of LSA-R.S. 14:34.2. The charges were tried together in the Second Parish Court of Jefferson. At the close of trial the court found defendant guilty of careless operation and guilty of simple battery. She was sentenced to pay a fine of forty-five dollars on the careless operation conviction and to serve six months in parish prison on the simple battery conviction. That sentence was suspended and the defendant was placed on six months inactive probation. In addition the defendant was ordered to pay a one-hundred fifty dollar fine plus costs.
Defendant appeals both convictions and sentences and assigns three errors. Because we find an error patent on the face of the record which affects the substantial rights of the accused, we reverse the convictions and vacate the sentences. LSA-C.Cr.P. arts. 920, 921,
We have determined on the face of the record before us that the defendant was entitled to a trial by jury. There is nothing in the record to indicate that defendant waived that right. Accordingly, the convictions are constitutionally invalid. State v. Bouche, 485 So.2d 950 (La.App. 5 Cir.1986). We also note that the Second Parish Court lacks jurisdiction over criminal cases requiring trial by jury. Thus, jeopardy did not attach and the matter must be retried. State v. Boasso, 478 So.2d 945 (La.App. 5 Cir.1985), writ denied 484 So.2d 660 (La.1986); State v. Bouche, supra.
In this case the defendant was charged with three violations in two separate bills of information. The violations were consolidated for trial. When charges are consolidated for trial the aggregate punishment which may be imposed for the crimes determines whether the right to a jury trial exists. If the potential punishment exceeds six months imprisonment an accused is entitled to a jury trial. La. Const. Art. I, Sec. 17; State v. Lauren-dine, 439 So.2d 398 (La.1983).
There is a legislative exception to the above rule embodied in LSA-C.Cr.P. art. 493.1 which provides as follows:
Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than five hundred dollars, or both. (Emphasis added)
We have discussed the effects and requirements of the above mentioned article in State v. Bouche, supra at 952:
Thus the State may avoid the jury trial requirement for a defendant charged with several misdemeanors by charging them in the same indictment or information. Although the defendant is thereby deprived of his right to a jury, at the same time he benefits because his maximum sentencing exposure is reduced to six months.
Before the reduced sentencing exposure and the concomitant extinguishment of the right to a jury can be applied, however, the prosecution must comply strictly with the requirements of Art. 493.1. The language of Art. 493.1 indicates the penalty reduction applies only where the multiple misdemeanors are *640 joined in the same indictment or information.
When as in the instant case, misdemeanors in which the aggregate possible punishment exceeds six months imprisonment are charged in separate bills of information and joined for trial, the provisions of art. 493.1 are inapplicable and the accused has a right to a trial by jury. State v. Burton, 540 So.2d 1023 (La.App. 2 Cir.1989). That right may be waived. However, the waiver must be intelligent and knowing and cannot be presumed from a silent record. State v. Williams, 404 So.2d 954 (La.1981). Even in cases where the defendant makes no request for a jury and proceeds to a bench trial without objection, a waiver cannot be presumed. State v. Eppinette, 478 So.2d 679 (La.App. 2 Cir.1985); State v. Bouche, supra.
For the foregoing reasons we reverse the defendant’s convictions and vacate the sentences and remand the matter to the trial court.
REVERSED, VACATED AND REMANDED