PLOTKIN, Judge.
STATEMENT OF THE CASE:
Defendant was charged with simple burglary. He waived his right to a jury trial, and at the conclusion of trial, the court found him guilty as charged. He was sentenced as a third offender to serve twelve years at hard labor. In his first appeal to this court, defendant’s counsel requested only a review of the record for errors patent, and his conviction and sentence were affirmed in an unpublished opinion. State v. Larry M. Smith, 498 So.2d 304 (La.App. 4th Cir.1986).
*684 In 1989, the appellant filed an application for post-conviction relief wherein he alleged: (1) his counsel was ineffective on appeal; (2) he did not voluntarily and freely waive his right to jury trial; and (3) there was insufficient evidence to support his conviction. The trial court denied his application. The appellant applied for supervisory writs in this court, but this court denied his claims. State v. Smith, 547 So.2d 760 (La.App. 4th Cir.1989). However, on review, the Supreme Court granted writs in part and remanded the case for an evidentiary hearing on the waiver of jury claim. Writs were denied as to the other two claims. State v. Smith, 567 So.2d 1113 (La.1990).
Hearings on this claim were held on March 9, 1991, and April 19, 1991. At the conclusion of the second hearing, the court found that the appellant failed to prove that his counsel coerced him into waiving his right to a jury trial. The appellant then sought writs in this court, and on September 30, 1991, in writ # 91-K-1529, this court granted the appellant a new appeal pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990).
FACTS:
At approximately 9:00 p.m. on July 7,1984, police officers on patrol passed a parking lot located at the corner of Loyola Avenue and Girod Street where a camper with Connecticut license plates was parked. The officers observed a man sitting in the driver’s seat of the camper who hid when he saw the officers as they passed. The officers turned around, and when they returned to the parking lot they encountered the defendant Larry Smith, who had just exited the camper. The officers looked inside the camper and noticed that its contents were in disarray, the vent window had been opened, and there were bags of items lying on the front seat, along with a screwdriver. One officer testified that the defendant told him that he (the officer) could have made a mistake about him (the defendant) being inside the camper, and that he (the defendant) could be “put away for a long time” if he was convicted of this crime.
Mr. Edward Modzecewski, the owner of the camper, testified that he had parked it in that lot while he and his family visited the World’s Fair. He testified that all of the windows had been closed and the doors locked when they left the camper. He testified that when they returned to the camper, they found it in disarray. He identified a CB radio found in the bag lying on the front seat as having been taken from the front window of the camper, and the other items in the bags belonged to him and his family. He testified that the screwdriver found in the camper did not belong to him. He denied knowing the defendant and denied giving him permission to enter the camper.
The defendant Larry Smith denied being inside the camper. He testified that he was merely walking across the parking lot when he noticed a different black man and a black woman inside the van. He insisted that he was walking past the van when the officers stopped him. He denied that the bags and the screwdriver belonged to him. He testified that the officers arrested him for the burglary of the camper after he admitted to them that he was under the influence of drugs but would not tell them from whom he had gotten the drugs. He admitted, however, that he would not have told the judge if he had been inside the van. He also admitted to having prior convictions for theft.

A Errors Patent

A review of the record for errors patent reveals there are none.

B. Assignments of Error

I.
By his first assignment of error, the appellant contends that although he told the trial court that he wanted a bench trial, he did not knowingly and voluntarily waive his right to trial by jury. The defendant points to the transcript at the beginning of trial as evidence that he did not voluntarily waive his right to a jury trial. The pertinent part of the transcript reads as follows:
BY MR. MC CURDY: Your Honor, in this matter I’ve advised the defendant of his rights to be tried either by the jury of [sic] the Court sitting as the trier of fact at his discretion, and it’s his decision that he wishes to be tried by the Court without a jury.
*685 BY THE COURT: Mr. Smith, do you understand you’re entitled to be tried by a six-member jury requiring a unanimous vote for a verdict or you may be tried by the Court as a trier of fact? Do you wish to waive your right to a six-member jury requiring a unanimous vote for a verdict and be tried as a judge trial?
BY MR. SMITH: I don’t understand what you said.
BY THE COURT: I said you’re entitled to a six member jury in this case.
BY MR. SMITH: Right
BY THE COURT: And any verdict they return must be unanimous. You can waive your right to that six-member jury and be tried by the Court as a judge trial. And your lawyer says that you want to waive that right to jury trial and be tried as a judge trial; is that correct?
BY MR. SMITH: No, Your Honor.
BY THE COURT: Bring the jury in. Have a seat. The Court will call the first six jurors listed on the jury panel sheet.
BY MR. MC CURDY: May we confer?
BY THE COURT: Yes.
BY MR. MC CURDY: May we approach the bench with the defendant?
BY THE COURT: Yes. Step up.
BY MR. MC CURDY: Your Honor, I’ve conferred with the defendant at some length in this matter and he advised me that he wishes to be tried by a judge.
BY THE COURT: Ms. Smith, once again for the record, do you understand you’re entitled to be tried by a six-member jury requiring a unanimous vote for a verdict or you may waive that right and be tried by the Court as a trier of fact? Do you wish to waive your right to be tried by the jury and be tried as a judge trial?
BY MR. SMITH: Yes, sir.
At that point, the court dismissed the jury. Just prior to starting opening statements, the State noted its intent to introduce evidence of a statement made by the appellant. The appellant then stated: “Can I speak? I want to see if I can get a set back two weeks time to get a lawyer.” The court refused this request, and the trial started.
During the evidentiary hearing ordered by the Supreme Court, the appellant testified as to his version of the events which transpired during this dialogue. Appellant testified that counsel told him that Judge Oser would impose a greater sentence if he was tried and convicted by a jury, in which case he would be sentenced to twenty years to life. Appellant also testified that counsel told Judge Oser he wanted to waive the jury, even though appellant never told counsel this. He testified that after he told Judge Oser he wanted a jury trial, counsel repeated his prediction of his sentence and told him that he was “making things hard” on counsel. He insisted that Judge Oser told counsel he could not tell him that and told the “lady” to turn off the microphone. After the bench conference, counsel again reminded him of the possibility of twenty years to life and then asked him "with what crime he was charged. He testified that at that point, he asked counsel to request a two-week continuance, and when counsel refused to do so, he asked the court himself, but the request was denied. He then told counsel he did not want a life sentence, and counsel advised him to tell the court he wanted to waive the jury.
Appellant argues that the transcript supports his contention that he did not voluntarily waive his right to a jury trial. He points to the fact that, originally, he did not understand the rights as explained by Judge Oser and that he then told Judge Oser that he wanted a jury trial. He insists that it was only after conferring with counsel that counsel coerced him into waiving the jury. Additionally, he notes that the transcript reflects his request for a two week continuance because of the actions of his attorney. These two facts, he insists, demonstrate that he was coerced by his attorney to waive the jury trial.
At the first hearing, Judge Oser testified that he had no independent memory of this trial. He read the excerpt quoted above and stated that he always advised a defendant of his right to a jury trial, of the number of jurors on the trial and the number needed to convict, and of the defendant’s right to waive *686 this right. He also testified that he also got the defendant to indicate whether he understood his rights.
At the second hearing, defense counsel at trial testified that he also did not have any independent recollection of the trial. He testified that he did not remember what was said at the bench conference. He insisted that he always advised his clients of their right to be tried by a jury or by the judge and that the State could bring up any prior convictions if the defendant testified. He also testified that he doubted he would have told the appellant to waive the jury because Judge Oser had been the victim of a burglary and may have been harder on the appellant than a jury may have been. He testified that from his reading of the transcript, it appeared to him that he called for the bench conference because the jury had already entered the courtroom and the appellant was insisting on waiving the jury. He testified that he may have advised the appellant that, given his record, he was probably looking at a minimum of twenty years if convicted. He denied, however, that there was any coercion on his part for a judge trial because it did not matter to him one way or the other.
A defendant charged with any offense, except a capital offense, may knowingly and intelligently waive a trial by jury and elect to be tried by the court. C.Cr.P. art. 780. State v. Wilson, 437 So.2d 272 (La.1983). Because the right to a jury is a fundamental right, the presumption is against the waiver of this right, and on review of such waiver, the record must show that an effective waiver has been made. State v. King, 602 So.2d 121 (La.App. 4th Cir.1992), writ den. 608 So.2d 192 (1992); State v. James, 576 So.2d 611 (La.App. 4th Cir.1991), writ den., 599 So.2d 312 (1992).[1]
In the instant ease, there is clearly a dispute as to what was said during the bench conference and during counsel’s conference with appellant. However, several facts are clear. Appellant was apprised of the fact that he had the right to be tried by a jury of six and that its decision of guilt had to be unanimous. Defendant declared that he understood this right and initially stated that he wished to be tried by jury. Then, minutes later, the defendant requested, through his attorney, to be tried by the bench. The court then addressed the appellant and once again asked whether he understood the right that he was waiving. The appellant replied that he did.
A waiver of the right to a jury trial must be knowing and voluntary. Undoubtedly, the defendant was aware of the right he was waiving. As to whether he was coerced into waiving this right, there is no evidence, aside from the appellant’s testimony, of what transpired between defense counsel and appellant prior to appellant’s request for a bench trial. The fact that appellant first chose to be tried by jury and that he later changed his mind is not in itself enough to support the contention that the appellant was coerced by counsel to waive his right to a jury trial. Therefore, this Court must accept the appellant’s objective manifestation of willingness to waive his right to a jury which is represented by his statement on the record that he understood his right to trial by jury and waived it.
The only other factor which possibly could be seen to show that the appellant did not want to waive the jury was his request that the case be continued a few weeks to allow him to get new counsel. However, the appellant testified that he asked for a continuance after counsel asked him “What are you charged with?” immediately after the bench conference waiving his right to a jury trial. This demonstrates that the motivation for the request for a continuance was not related to the waiver of the jury but instead to counsel’s degree of preparation for trial. Therefore, appellant has not presented suffi- *687 dent evidence to show that he was coerced into waiving his right to a jury.
In a related argument, the appellant points to the fact that counsel failed to put any indication in the record that the appellant’s waiver of the jury was against his advice. However, it would not appear that counsel was under any sort of obligation to do so, and this lack of objection on his part does not necessarily mean that the appellant’s waiver was not against his advice. Counsel insisted that his actions were taken only to further the appellant’s wish to waive the jury.
The appellant also argues that he was not adequately advised of his rights, citing Wilson, because the judge did not conduct a lengthy interrogation of his understanding of the rights. However, it appears that the court adequately advised the appellant of his right to a jury, the number of jurors and the number needed to convict, and his right to waive this jury if he so chose. In fact, when the appellant first indicated that he did not understand these rights, the court went over them one at a time. And after the bench conference, the court again explained these rights. This assignment of error is without merit.
[[Image here]]
By his second assignment of error, the appellant contends that trial counsel was ineffective for various reasons. Generally, the issue of ineffective assistance of counsel is addressed by an application for post conviction relief filed in the trial court which then conducts a full evidentiary hearing on the issue. State v. Prudholm, 446 So.2d 729 (La.1984). However, when the appeal record contains enough evidence upon which to base a ruling on the issue, the appellate court will make a determination in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983).
Here, the appellant’s claim of ineffective assistance was not part of his application for post-conviction relief which led to the reinstatement of this appeal.[2] As such, at the evidentiary hearing the court limited the defense questions related to a claim of counsel’s ineffectiveness. However, from the record before this court the appellant’s allegations of ineffectiveness can be addressed.
The two-tiered test to be used to determine whether counsel was ineffective was set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989). In order to substantiate a claim of ineffective assistance of counsel, a defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the defendant. “Such performance is ineffective when it can be shown that counsel made errors so serious that he was not functioning as the ‘counsel’ guaranteed by the Sixth Amendment.” Bell, at 969. Counsel’s deficient performance will have prejudiced the defendant if it can be shown that counsel’s errors were so serious as to deprive the defendant of a fair trial, one whose result is reliable. Strickland; Bell; State v. Crowley, 475 So.2d 783 (La.App. 4th Cir.1985). To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 693, 104 S.Ct. at 2068. A defendant must make both showings to prove that counsel was so ineffective as to require reversal.
The appellant first points to what he alleges are pretrial errors committed by counsel. He points to counsel’s failure to file any pretrial motions, such as motions for a preliminary hearing, to suppress the evidence and the confession, and for discovery. However, as noted by the State, the appellant fails to show how he was prejudiced by this failure.[3] With respect to the preliminary *688 hearing, the State notes that there was sufficient probable cause to hold him for trial. He was seen sitting in the front seat of the camper and was caught as he exited the camper. The inside of the camper was in disarray, and items taken from in the inside of the camper, including a CB radio, were found in bags lying on the front seat. The owner of the camper testified that the camper had not been in that condition when he had parked it earlier that day, and that he did not know the appellant and had not given him permission to enter the camper. As such, the appellant was not prejudiced by counsel’s failure to request a preliminary hearing.
Also given these facts, a motion to suppress the evidence did not lie because no evidence was seized from the appellant. With respect to the appellant’s statement, the State laid a proper predicate prior to its introduction. See State v. Seward, 509 So.2d 413 (La.1987); State v. Brooks, 505 So.2d 714 (La.1987), cert. den., Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987); State v. Bell, 613 So.2d 744 (La.App. 4th Cir.1993). Thus, the appellant was not prejudiced by his counsel’s failure to file these motions.
The appellant also alleges that his counsel failed to prepare him adequately for trial because he admitted to the judge that he would lie if he had indeed been inside the camper. However, as noted by the State, the fact that a defendant makes damaging statements on the stand does not necessarily mean that his counsel was ineffective.
The appellant next points to counsel’s failure to place anything in the record at trial that the appellant’s waiver of the jury was against counsel’s advice. However, as noted above, there is no requirement that counsel do so. Although it might have been advantageous for counsel to have placed such a disclaimer in the record, this failure to do so does not constitute ineffective assistance of counsel.
The appellant lastly argues that counsel was ineffective because he did not file any post-trial motions, such as a motion for new trial or for post-verdict judgment of acquittal, nor did he object to the appellant’s sentence. However, as noted by the State, the appellant does not allege any basis upon which a motion for new trial or motion for post-verdict judgment of acquittal could be granted, and from a reading of the trial transcript it does not appear that either of these motions would lie. With respect to the appellant’s sentence, he received one half the maximum sentence he could have received as a third offender, and apparently he also had other convictions besides the two prior convictions upon which he was multiple billed. As such, counsel’s failure to object to his sentence cannot be seen to constitute ineffective assistance of counsel. This assignment has no merit.
Accordingly, the appellant’s conviction and sentence are affirmed.
JONES, J., dissents with written reasons.

. Most of the cases cited by the appellant are not really relevant to this case. In State v. Sonnier, 461 So.2d 567 (La.App. 3rd Cir.1984), there was no indication in the record that the defendant was advised of and waived his right to a jury trial. In almost all of the remaining cases, the defendants were tried on misdemeanors charged in separate bills but tried together, thereby entitling them to a jury trial, but there was no indication in the records that the defendants were advised of and waived their rights to a jury trial. State v. Laurendine, 439 So.2d 398 (La.1983); State v. Williams, 404 So.2d 954 (La.1981); State v. McCarroll, 337 So.2d 475 (La.1976); State v. Gardner, 458 So.2d 1016 (La.App. 3rd Cir.1984).

. The ineffective assistance of counsel claim in the application dealt with appeal counsel’s failure to comply with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. At the evidentiary hearing, trial counsel noted the possibility that oral motions were filed, as Judge Oser allowed such oral motions to be filed. *688 However, it is unknown if any oral motions were filed in this case.