1MICHAEL E. KIRBY, Judge.

STATEMENT OF CASE

This is an appeal following remand. See State v. Richardson, 2000-0130 (La.App. 4 Cir. 5/16/01), unpub. 796 So.2d 937 (Table.) The defendant raises three assignments of error: 1) the trial court failed to address the defendant on his waiver of trial by jury; 2) the trial court erred in failing to grant a new trial on the basis that the prosecution withheld evidence favorable to the defendant; and 3) the trial court erred in finding him to be a second offender. Because we find defendant is entitled to relief on the first assignment of error, we pretermit discussion of the other two.
On January 23, 1998, the defendant was charged by bill of information with armed robbery. La. R.S. 14:64. He was arraigned and pled not guilty January 28, 1998. After a judge trial, he was found guilty of the lesser included offense of simple robbery July 6, 1998. La. R.S. 14:65. The State filed a multiple bill. On July 16, 1998, the trial court found the defendant to be a second offender. The defendant filed a motion for new trial. On August 21, 1998, the trial court denied the motion for new trial, and sentenced the defendant to three years at hard labor. He filed a motion for appeal. On December 3, 1998, the trial court vacated the Lpriginal sentence and sentenced the defendant as a second offender to seven years at hard labor.
In his first appeal in his first assignment of error, the defendant argued that he did not validly waive his right to a jury trial.
The minute entry of January 28, 1998 states that the trial court informed the defendant of his right to trial by jury. The docket master states that the defendant requested trial by jury May 6, 1998. The minute entry of May 6, 1998 states *41 that the defendant requested trial by jury. No transcript of a waiver of trial by jury could be found. Accordingly, this court remanded the case to the trial court for an evidentiary hearing on the question of whether the defendant validly waived his right to a jury trial through counsel in open court and in his presence before trial. The court ruled that if the evidence showed that the defendant did not make a valid waiver of his right to a jury trial, the district court must set aside his conviction and sentence and grant him a new trial. State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963. If the evidence showed that the waiver was properly made, this court ruled that the appeal should be transferred back to this court for review of this determination and for review of all assignments of error. State v. Richardson, unpub., supra. Judge Plotkin concurred in part and dissented in part.
On remand, a hearing was held October 25, 2002, at which time the court reporter testified that the transcript of the jury waiver could not be found. No other evidence was presented. The trial court denied the motion for new trial. This appeal followed.

ERRORS PATENT:

This court has already reviewed the record for errors patent and found none.

\ ¿FACTS:

Officer Calvin Brasley viewed a videotape of a robbery at Eckerd’s drug store that took place September 24, 1997. He also interviewed the cashier who told him a weapon had been involved. He said he could not see the weapon in the videotape.
William Washington, an employee of the store, said he was working the next day when Janet Robertson, who had been the cashier during the robbery, approached him and told him that the man in the electronics aisle was the man who had robbed the store. Washington called the police, and the defendant was arrested.
Robertson said the defendant pulled a gun from a wrapped towel. He demanded money, and as she struggled to open the register, he told her he would kill her. She gave him the money in the register. The defendant then returned to the store, but he left before police could be summoned. The next day, he returned again and was arrested after Robertson recognized him and called the police.
The judge viewed the videotape.

ASSIGNMENT OF ERROR ONE:

The defendant argues that the trial court erred in denying the motion for new trial. As set out above, the case was remanded for a determination of whether there was evidence that the defendant waived his trial by jury. The State presented no such evidence. The court must indulge every reasonable presumption against waiver of the right to trial by jury. State v. Page, 541 So.2d 409 (La.App. 4 Cir.1989). The motion for new trial was improperly denied.
HThis assignment has merit. The denial of the motion for new trial must be reversed, as well as the defendant’s conviction and sentence. The matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.