J^EDWIN A. LOMBARD, Judge.

STATEMENT OF CASE

The defendant was charged with various violations of the Louisiana Wildlife and Fisheries laws, as follows, arising out of events on June 6, 1996: taking commercial mullet in closed season in violation of La. R.S. 56:333(B); taking commercial mullet without a permit to do so in violation of La. R.S. 56:333(B)(3); using more than one strike net to take mullet in violation of La. R.S. 56:333(B)(4); and using or possessing commercial gear without a license on the fishing grounds in violation of La. R.S. sesoscA).[1]
Several attorneys represented the defendant during the course of these proceedings that were continued numerous times for various reasons. On August 27, 1996, the defendant was arraigned on the charge in each case. On January 30,1997, the charges were consolidated for purposes of trial. The state did not file a single amended bill of information containing all four charges. On April 16, 1997, the defendant, through attorney Richard V. Kohnke, filed a motion and memorandum of law in support of a jury trial. There is no ruling on the motion in the record, but the court minutes in each case indicate that on October 28, 1997, a | ¡¡jury trial was set for April 7, 1998. On March 30, 1998, attorney Bernard “Ben” J. Ba-gert, Jr. enrolled as counsel of record for the defendant. On April 27, 1998, the court heard pretrial motions to suppress evidence and the defendant’s confession; and on May 27, 1998, the trial court denied the pretrial motions. On June 23, 1998, the defendant through attorney Bagert moved to quash the bills of information. The motion was denied on August 5, 1998. On June 24, 1998, the defendant, through attorney Bagert, orally requested a judge trial.
On May 8, 2000, the defendant, through attorney James E. Shields, Jr., filed a motion and memorandum in support of a jury trial. On May 18, 2000, the court heard the motion. The defendant argued that the previously filed motion for jury trial had not been ruled on; that the second motion for jury trial was filed out of an abundance of caution; and that he was legally entitled to a jury trial due to the potential fines and forfeiture of his vessel and commercial fishing license. The state argued that the defendant through attorney Bagert waived his right to a jury trial. *705 The state also argued that as relative felonies consolidated for trial, the defendant is not necessarily entitled to a jury trial:
Secondly, the State’s position is that as we normally do for a misdemeanor, for multiple misdemeanor charges, we consolidate them for trial as if they were originally filed on the same Bill of Information. When the State does that, that reduces the penalty that the defendant is exposed to. The penalty is as if he was convicted of one charge. Now, I understand that the question in this ease is that there is an exposure to a penalty of over $500.00. I believe that falls into what we call that relative felony situation. However, it’s the State’s position that that does not necessarily entitle the defendant to a jury trial.
Transcript of Hearing, p. 3,11.19-32.
The trial court denied the defendant’s motion based on his “reading of the Articles”. On May 30, 2000, the defendant filed his intention to seek supervisory | ¿review of the trial court’s denial of his motion for a jury trial, and the trial court set the return date as August 14, 2000. The defendant subsequently filed numerous motions for extension of the return date due to difficulty obtaining the transcript of the hearing. On August 22, 2001, this court ultimately denied writs because the application was not timely filed due to gaps in the extensions of time.
On February 7, 2002, the trial court conducted a judge trial after numerous motions by the defendant to continue, and the trial court found the defendant guilty. Defendant waived all sentencing delays, and the court sentenced the defendant as follows: for violation of La. R.S. 56:333(B), 60 days in jail, waived upon payment of $1,500 fine; for violation of La. R.S. 56:333(B)(3), 60 days in jail, waived upon payment of $1,500 fine; for violation of La. R.S. 56:333(B)(4), 60 days in jail, waived upon payment of $1,500 fine; for violation of La. R.S. 56:305(A), 45 days in jail, waived upon payment of $375 fine. All sentences were consecutive, for a total of 225 days in jail, waived upon payment of a $4,875 fine. On February 25, 2002, the defendant moved for an appeal, and this appeal follows.
Although this case involves misdemean- or convictions, the matter is appealable because, as indicated below, it was triable by a jury. Under La. Const. Art. 5, Section 10, the appellate jurisdiction of this court extends to criminal cases that are triable by a jury. See also La.C.Cr.P. art. 912.1.

STATEMENT OF FACT

On June 6, 1996, Louisiana Wildlife and Fisheries agents Brian Clark and Eddie Caido were on boat patrol in Drum Bay within St. Bernard Parish when they observed the defendant operating a large vessel and towing a barge. Agent Clark testified that he and Agent Caido conducted a boat safety inspection and found “a large pile of gill net, webbing, with possibly thousands of pounds of mullet fish _]¿entangled in it.” The mullet season ran from the third Monday in October to the third Monday in January. In June, when the agents found the defendant with the mullet, the season was closed, and only specially permitted people were allowed to take them. The defendant did not have the appropriate licenses to take the mullet or for his gear; in addition, he was found with more than one strike net. The defendant admitted he took mullet on June 6, 1996, but he claimed he caught the fish in federal waters, which was legal, and was traversing Louisiana waters en route to Mississippi to sell the mullet. Agent Clark testified, however, that the location specified by the defendant as the place where the mullet were taken was not in federal *706 waters and was well within the Chandeluer and Breton Sounds in state waters.
The trial court found that the defendant did not have a gear license; that the mullet season was closed; that the defendant took mullet from Louisiana waters; that the defendant did not have a license to take mullet out of season; and that the defendant used two strike nets.

ERRORS PATENT

A review of the record for errors patent reveals none.

DISCUSSION

Assignment Of Error Number 1

The defendant argues that the trial court erred in denying the defendant’s motion for jury trial under La.C.Cr.P. art. 779[2] because he faced fines of at least |fi$l,000 for each charge, as well as other pecuniary penalties such as the loss of his fishing license. When misdemeanor offenses are charged by separate bills of information and the aggregate penalty of the offenses exceeds six months imprisonment or a fine of $1,000.00, a defendant is entitled to a jury trial. State v. Homung, 620 So.2d 816 (La.1993).
An exception to this rule is found in La.C.Cr.P. art. 493.1, which provides as follows:
Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both.
In State v. Hornung, 613 So.2d 638 (La.App. 5th Cir.1992), the defendant was charged with three misdemeanor offenses in two separate bills of information. Hor-nung, 613 So.2d 638, 640. Although the offenses were consolidated for trial on the State’s motion, the court determined that the defendant was entitled to a jury trial, and Article 493.1 did not apply because at least two of the consolidated offenses had not been joined in the same bill of information. Hornung, 613 So.2d 638, 640. The court concluded that the total potential punishment for the consolidated charges exceeded six months imprisonment and, thus, the defendant was entitled to a jury trial. Homung, 613 So.2d 638, 640. In affirming Hornung, the Louisiana Supreme Court stated:
The decision of whether to charge an accused in one bill of information with multiple offenses, or in separate bills of information for each offense, is within the discretion of the district attorney alone. It is only when the district attorney exercises that discretion and joins the offenses in the same bill of information that the defendant is entitled to the reduced sentencing exposure of Article 493.1.... Likewise, it is only when the district attorney joins the offenses in accordance with Article 493 in the same indictment or information that the state may avoid a jury trial.
Hornung, 620 So.2d at 817.
In State v. Gardner, 458 So.2d 1016 (La.App. 3d Cir.1984), the court held that the defendant was entitled to a jury trial when charged in separate bills of information with resisting an officer and disturb *707 ing peace, where the charges were tried together without being formally consolidated:
In the present case, the court tried the defendant on both charges at once. Although there was no mention of consolidation, under such circumstances, the charges are considered as if they were joined and, for the purpose of determining defendant’s right to a jury trial, the possible punishment is the sum of the maximum period of confinement which the court could have imposed with regard to each crime. In this case, the sum of the maximum periods of confinement is greater than six months since the maximum period of confinement for resisting an officer is six months and the maximum period of confinement for disturbing the peace is ninety days. It follows that defendant was entitled to a jury trial.
Gardner, 458 So.2d 1016, 1017.
In State v. Armant, 02-907 (La.App. 5 Cir. 1/28/03), 839 So.2d 271, the defendant was charged in separate bills of information with disturbing the peace and resisting an officer, and the court found that because the aggregate punishment for the two offenses exceeds six months, the defendant had a right to be tried by a jury.
Although the record does not reflect that either party moved to consolidate the two bills of information, as was the case in Homung, the two cases were at all times treated as though they were consolidated. The defendant was arraigned on both cases at the same time, each minute entry contains the numbers of the two cases, the cases were tried together, a single verdict was rendered, and the defendant was sentenced on both cases at the same time. Thus, the charges should be considered consolidated for all practical purposes. Gardner, 458 So.2d at 1017.
Armant, 02-907, p. 8, 839 So.2d at 276
In the instant case, the defendant was charged by separate bills of information with three violations of La. R.S. 56:333 and one violation of La. R.S. |S56:305(A). The minute entries indicate that the cases were consolidated for trial purposes, but there is no evidence in the record that a single amended bill of information was filed joining the offenses. Thus, the exception under article 493.1 does not apply, and the defendant’s penalty exposure was the sum of possible fines, forfeitures, and imprisonment for each charge in each case. At the time of the defendant’s alleged violations[3], the penalty provisions of La. R.S. 56:333 provided:
F. Any person convicted of any offense involving fisheries laws or regulations shall forfeit any permit or license issued to commercially take mullet and shall be forever barred from receiving any permit or license to commercially take mullet.
[[Image here]]
I. Except as provided in Subsection F of this Section, a violation of the provisions of this Section or of any of the regulations adopted pursuant thereto shall be a class six violation, R.S. 56:36.
La. R.S. 56:305(A) provides:
A commercial fisherman must possess a commercial gear license indicating that the applicable gear fee has been paid whenever using or possessing on the *708 fishing grounds any gear listed in Subsection B, below.
La. R.S. 56:36 provides:
The following penalties shall be imposed for a class six violation. For each offense, the fine shall be not less than one thousand dollars nor more than two thousand dollars, or imprisonment for not more than one hundred twenty days, or both, and shall include the forfeiture to the commission of anything seized in connection with the violation.
The defendant faced a minimum fíne of $1,000.00 in each case. Consequently, the defendant’s total penalty exposure exceeded $1,000.00 in fines, and the defendant was entitled to a jury trial.
| ^ Assignment Of Error Number 2
The defendant argues that if he validly waived his right to a jury trial, the trial court erred in subsequently not allowing him to withdraw his waiver of jury trial and denying his request for a jury trial under La.C.Cr. P. art. 780.[4] The first issue is whether the defendant waived his right to a jury trial. This court recently reviewed the jurisprudence on this issue in State v. Santee, 2002-0693 (La.App. 4 Cir. 12/4/02), 834 So.2d 533:
A defendant may waive his right to a jury trial and elect to be tried by the judge. La.C.Cr.P. art. 780. Generally, the waiver is to be entered at arraignment. However, the trial judge may accept a waiver of a jury trial at any time prior to the commencement of trial. La.C.Cr.P. art. 780(B). A waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly. State v. Kahey, 436 So.2d 475, 486 (La.1983). The waiver must be express and is never presumed. Kahey, 436 So.2d at 486. The record must show a knowing and intelligent waiver. State v. Williams, 99-223 (La.App. 5 Cir. 6/30/99), 742 So.2d 604, 606.
Santee, 2002-0693, p. 3, 834 So.2d 533, 534-535. This court went on to address the preferred method of documenting a waiver of the right to trial by jury:
While it is preferred for the trial judge to advise the defendant personally on the record of his right to a jury trial and have the defendant waive the right personally on the record, the Louisiana Supreme Court has refused to mandate this method as an absolute rule. Kahey, 436 So.2d at 486. While the trial judge must determine if the defendant’s jury trial waiver is knowing and intelligent, that determination does not require a Boykin-like colloquy. State v. Frank, 549 So.2d 401 (La.App. 3 Cir.1989).
Santee, 2002-0693, p. 3, 834 So.2d 533, 534-535. This court noted that in State v. Phillips, 365 So.2d 1304 (La.1978), the Louisiana Supreme Court specifically decided that a defense attorney could in fact waive a defendant’s right to a jury trial, stating:
*709 We find no error in the determination of tbe trial judge here that the present defendant gave his informed consent to the waiver made in his presence by his attorney, especially in light of the facts that the judge had informed defendant not once, but twice, of his right to choose between a judge trial and a jury trial, and that the defendant was shown to have had prior experience as an accused in the trial of a criminal prosecution.
Santee, 2002-0693, p. 3, 834 So.2d 633, 534-535 (quoting Phillips, 365 So.2d 1304, 1309).
Where there is no evidence in the record, however, that the defendant specifically waived his right to a jury trial, this court has found that the case must be remanded for an evidentiary hearing to determine whether the defendant knowingly waived this right. State v. Richardson, 2002-2348, p. 1 (La.App. 4 Cir. 2/19/03), 841 So.2d 39, 40. That is, every reasonable presumption against waiver of the right to trial by jury must be indulged. Richardson, 2002-2348, p. 3, 841 So.2d at 41 (citing State v. Page, 541 So.2d 409 (La.App. 4th Cir.1989)). In Richardson, the minute entry showed that the trial court informed the defendant of his right to trial by jury; the docket master and minute entry stated that the defendant requested trial by jury. Richardson, 2002-2348, p. 2, 841 So.2d at 40. No transcript of a waiver of trial by jury could be found. Richardson, 2002-2348, p. 2, 841 So.2d at 40. If the trial court finds that the defendant did not make a valid waiver of his right to a jury trial, the court must set aside his conviction and sentence and grant him a new trial. Richardson, 2002-2348, p. 2, 841 So.2d at 40 (citing State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963). If the evidence shows that the waiver was properly made, the appeal should be transferred back to the appellate court for review of this determination and for review of all assignments of error. Richardson, 2002-2348, p. 2, 841 So.2d at 40.
The court in Richardson cited State v. Page, 541 So.2d 409 (La.App. 4th Cir.1989), in which this court found the defense attorney’s oral waiver insufficient as evidence of waiver of the defendant’s right to a jury trial:
The record is devoid of any indication Page was informed by the trial judge of his right to a jury trial.
The only evidence of his waiver of a jury on the PCP charge is his attorney’s remark that “... as to that count [PCP] we would waive a jury trial and just ask to be tried in front of the judge today.” Counsel’s remark does not reflect he advised or consulted Page prior to waiving the jury or that Page consented to the waiver. The Supreme Court has refused to adopt an absolute rule that no jury waiver can be effective unless the record reflects that the accused was personally informed by the judge of his right to a jury trial. State v. Phillips, 365 So.2d 1304 (La.1978), cert. denied 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979). Nevertheless, in State v. Wilson, 437 So.2d 272 (La.1983), the Supreme Court said that when a defendant waives such a valuable right, the trial judge should advise the defendant of his right to trial by jury and require the defendant to personally waive the right either in writing or by oral statement in open court on the record. A knowing and intelligent waiver of that right will not be presumed from a silent record. Wilson, supra.
Page, 541 So.2d 409, 410
In the instant case, the minute entries indicate that the defendant was present when attorney Bagert waived his right to a jury trial. This issue was again addressed by the trial court immediately before the *710 trial began when the defendant renewed his objection to the trial court’s denial of his motion for a jury trial:
Also, sir, I call your attention to Article 780 of the Code of Criminal Procedure. Article 780 tells me that I have discretion in subsection C. The defendant may withdraw a waiver of trial by jury unless the Court finds that withdrawal of the waiver would result in interference with | iathe administration of justice, unnecessary delay, unnecessary inconvenience to witnesses, or prejudice to the State. That’s what I have found. You must remember that Mr. Bagert in this case waived the jury sometime back. This matter has gone on over six years now, since 1996.
(Trial Tr. p. 5,11.17-32, p. 6,11. 1-2).
As in Page, the oral statement by the defense attorney in the instant case is the only evidence in the record of the defendant’s waiver. There is no indication that the trial judge advised the defendant of his right to a jury trial. Consequently, we conclude that insufficient evidence exists to support the contention that the defendant waived his constitutionally-protected right to be tried by a jury for the subject offenses.

CONCLUSION

First, the defendant has a right to a jury trial based on the potential fines in the four cases and the lack of evidence in the record that the charges were ever reduced to a single bill of information. Second, insufficient evidence exists in the record that the defendant waived his right to trial by jury. Accordingly, we reverse the convictions and sentences, and remand the case for a new trial.

REVERSED AND REMANDED.

. The defendant claims the defendant was charged in a five-count bill of information, as follows, for the events of June 6, 1996: Count I, violation of La. R.S. 56:333(B); Count II, violation of La. R.S. 56:333(B)(4); Count III, violation of La. R.S. 56:305(A); Count IV, violation of La. R.S. 56:333(B)(4); and Count V, violation of La. R.S. 56:320(1)(A). The record, however, contains separate bills of information charging slightly different crimes than outlined by the defendant in his brief. The transcript of the May 18, 2000 hearing on the defendant’s motion for a jury trial contains argument by the state that the charges are relative felonies due to the consolidation of the charges for trial as if they were originally filed on the same bill of information.

. La.C.Cr.P. art. 779 provides:
A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.

. La. R.S. 56:333(F) was amended by Act 147 of 2001, and La. R.S. 56:333(1) was repealed in its entirety by Act 147 of 2001. See State v. Weaver, 2001-0467, p. 4 (La.1/15/02), 805 So.2d 166, 169. A defendant is to be tried under the statute in effect at the time of the commission of the crime. Weaver, 2001-0467, p. 4, 805 So.2d 166, 170.

. Art. 780. Right to waive trial by jury provides:
A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury.
B. The defendant shall exercise his right to waive trial by juiy in accordance with the time limits set forth in Article 521, However, with permission of the court, he may exercise his right to waive trial by jury at any time prior to the commencement of trial.
C.The defendant may withdraw a waiver of trial by jury unless the court finds that withdrawal of the waiver would result in interference with the administration of justice, unnecessary delay, unnecessary inconvenience to witnesses, or prejudice to the state.