437 So.2d 272 (1983)
STATE of Louisiana
v.
Borlis WILSON.
No. 82-KA-1568.
Supreme Court of Louisiana.
September 2, 1983.
*273 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion B. Farmer, Dist. Atty., William J. Burris, Abbott Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Samuel Collett, Jr., Bogalusa, S. Austin McElroy, Covington, Thomas J. Ford, New Orleans, Office of Indigent Defender, for defendant-appellant.
LEMMON, Justice.
In this appeal from a conviction of aggravated rape, the only issue is whether the trial judge erred in accepting defendant's waiver of a jury trial. For the reasons that follow, we hold that defense counsel's questioning of defendant on the record in open court, together with the evidence presented at the pretrial sanity hearing, established that defendant voluntarily and knowingly waived his right to trial by jury.
Facts
The 78-year old victim was awakened at 1:00 a.m. by a noise in the grocery store connected to her home. A few minutes later, defendant burst through her window and dragged her from the bed to the living room, where he beat her, threatened her life, and then raped her both anally and vaginally. Defendant then dragged her to the cash register in her grocery store, forced her to open it, took all the cash and left the building.
The victim immediately notified the police and named defendant as the rapist, explaining that she had known him all of his life. When the police arrived at defendant's house, he was awake and dressed only in blue undershorts, which were spotted with feces (a condition consistent with the victim's statement that she had a bowel movement when the rapist penetrated her anus). The officers took defendant to the police station, where the victim positively identified him. The next day, she again identified defendant from a photographic line-up.
The trial consisted of the testimony of the victim, the arresting officer, and the parish coroner, who stated that his examination of the victim on the night of the rape revealed bruises and cuts to the face and lips, feces in the vagina and on her legs, and anal tears consistent with forcible anal penetration. The court found defendant guilty as charged and sentenced him to life imprisonment.
Waiver of Jury Trial
Appellate counsel contends that the trial court erred in permitting defendant to waive trial by jury without determining that the waiver was made knowingly and intelligently.[1] Counsel further argues that the trial judge's refusal to accept defendant's guilty plea during the trial indicates the waiver of trial by jury was not voluntary and knowledgable.
*274 Before the trial began, defense counsel advised the court that defendant wished to waive his right to trial by jury, despite the attorney's contrary recommendation. Counsel then questioned defendant concerning his understanding of this fundamental right and his intention to waive it.[2] Apparently satisfied from counsel's questioning that defendant was aware of the consequences of his action, the trial judge accepted the waiver.
After trial began, defense counsel informed the judge that defendant (against counsel's advice) wished to enter a plea of guilty as charged. The trial court questioned defendant, but ultimately refused to accept the plea.[3]
*275 The right to trial by jury is protected by La. Const. Art. I, § 17 (1974). Except in capital cases, the defendant may knowingly and intelligently waive trial by jury and elect to be tried by the judge. La.C.Cr.P. Art. 780, 782. As in the case of other significant rights, however, waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly. In order to protect this valuable right, as well as to prevent postconviction attacks on the waiver, the better practice is for the trial judge to advise the defendant personally on the record of his right to trial by jury and require the defendant to waive the right personally either in writing or by oral statement in open court on the record. 3 Standards for Criminal Justice § 15-1.2(b) (2d ed. 1980); see also State v. Kahey, 436 So.2d 475 (La.1983). By this procedure, the trial judge not only insures that an express waiver is recorded, but also assures that the waiver is made voluntarily and knowingly.[4]
In the present case, defendant personally waived trial by jury by a statement in open court on the record. Although the questioning conducted by defense counsel was intended primarily to establish that the defendant was acting contrary to counsel's advice, the colloquy made it clear that defendant was aware of his right to trial by jury and that his decision to be tried by the judge was the product of his voluntary and intelligent choice.[5] Perhaps the more favored procedure would have been for the trial judge to conduct an independent inquiry on the record.[6] Nevertheless, the record contains defendant's acknowledgment that he understood the difference between a jury trial and a bench trial and that counsel had explained the difference in terms that he understood. The record also established that defendant, in interviews preparatory to the hearing to determine his competency to assist in his defense, discussed with the psychiatrist his prior experience *276 in court and his understanding of jury and judge trials.[7]
On the basis of the overall record, we conclude that defendant voluntarily and knowingly waived his right to trial by jury.
Accordingly, the conviction and sentence are affirmed.
NOTES
[1] Defendant was represented by a different attorney at trial.
[2] Defense counsel questioned his client as follows:

"MR. COLLETT:
"For the record, Your Honor, again after having spoken with the defendant, Borlis Wilson, and explaining to him the difference between a trial by jury and a trial by judge and after making my recommendation to Mr. Wilson that he should take the trial by jury, he has informed me that he wishes to waive to have a trial by jury and have his trial by judge. For the record, I'd like to ask Mr. Wilson a few questions and get his response.
"Borlis, do you understand the difference between a trial by jury and a trial by judge?"
"THE DEFENDANT:
"Yeah."
"MR. COLLETT:
"Did I explain that to you in terms you could understand?"
"THE DEFENDANT:
"Yeah."
MR. COLLETT:
"Did you understand the difference?"
"THE DEFENDANT:
(Nodding affirmatively)."
"MR. COLLETT:
"You understand you're waiving your constitutional right to a trial by jury by doing so?"
"THE DEFENDANT:
(Nodding affirmatively)."
"MR. FORD:
"Your Honor, for the record, if it please the Court, I was with Mr. Collett yesterday afternoon, and we spoke with Mr. Wilson for about ten minutes about this problem after Mr. Collett had already spoken to him previous to this, and I was there with Mr. Collett. Despite the recommendation by Mr. Collett, he still desires to have a trial by judge."
[3] The trial judge questioned defendant as follows:

"Q. State your full name and date of birth, Mr. Wilson."
"A. Borlis Wilson, '64, 12th month, 8th day."
"Q. What grade did you go to in school?"
"A. Eighth."
"Q. Can you read and write the English language?"
"A. Yeah."
"Q. Do you understand me talking to you today?"
"A. Yeah."
"Q. Have you understood when your attorneys and your mother have talked to you today?"
"A. Yeah."
"Q. Do you understand the proceedings here against you today?"
"A. Yeah."
"Q. You were examined by a doctor yesterday morning, a psychiatrist, Dr. Carlos. Do you remember talking to him yesterday?"
"A. Yeah."
"Q. And he said you were of average intelligence and that you were legally sane. Do you recall that?"
"A. Yeah."
"Q. Are you taking any drugs or any alcoholic intake or suffering from any mental condition that would in any way affect your mental ability to understand what's going on today?"
"A. No."
"Q. What was your answer?"
"A. No."
"Q. You are represented here by Mr. Sam Collett and Tom Ford. As we said earlier, they have discussed with you at length all the constitutional rights and the serious penalty attached to the crime of aggravated rape which you are charged with, is that correct?"
"A. Yeah."
"Q. You realize that you are pleading guilty to this charge over the objection of both of your attorneys?"
"A. Yeah."
"Q. Are you satisfied with your attorneys' services? Have they advised you well?"
"A. Well, I can't say satisfied."
"Q. Well, why wouldn't you be satisfied?"
"A. I don't know."
MR. FORD:
"Your Honor, if it please the Court, I'd like the Court to question the defendant Borlis Wilson further for the record about this, because he's never indicated this to us."
"EXAMINATION BY THE COURT:
"Q. This is the first time anybody has ever been notified that you were dissatisfied with their services. What do you base that belief on?"
"A. Repeat that."
"Q. What do you base your belief about their services on? Why do you think their services have not been satisfactory? Haven't they offered to go to trial with you and take this matter through a hearing?"
"A. Yeah."
"Q. And it was at your request that you waived the jury trial, is that correct?"
"A. Yeah."
"Q. And they have also further insisted that you go on and see this whole thing through a judge trial, is that correct?"
"A. (Nodding affirmatively)."
"Q. Is it your request that you do not want to go forward with this trial, right?"
"A. Why should I?"
"Q. I'm sorry. I didn't understand you."
"A. I said, why should I?"
"Q. If you have defenses that you want to raise, this is your opportunity to do so."
"A. Well, my lawyer told me I have a ninety percent [chance] of not getting out of here with all the evidence they have against me, I could be found guilty. So, the way I feel, why should I go through a trial and get found guilty? Why shouldn't I just go ahead and plead guilty?"
"Q. Well, you're only talking about a few hours out of your life here today as opposed to many years in the future."
"A. So what's the difference between a few hours and a few minutes in my life, not talking about theirs."
"Q. Well, you're not guilty at this time. You're presumed innocent."
"A. Well, from what he has done told me, I as soon be."
The judge concluded:
"I don't think you're of a mind to adequately give a free and voluntary guilty plea at this point. It's something that you have to want to do, and I don't think you're wanting to do it. It's my impression you're doing it for another purpose. I don't know what the purpose is. I don't think it's a free and voluntary plea, and we're going to go ahead and go with the trial."
[4] Similarly, when a defendant waives trial altogether by pleading guilty, the trial judge should address defendant in open court on the record, because it is impermissible to presume waiver from a silent record. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[5] Defendant may well have concluded, because of the overwhelming strength of the state's case and the horrible facts of the crime, that a jury would have been unsympathetic and that he could do no worse in a bench trial, particularly as to the possibility of a verdict of the lesser offense of forcible rape.
[6] Ideally, the judge should endeavor to determine the defendant's understanding and intention, preferably other than by leading questions calling for simple affirmative answers.
[7] The psychiatrists opined that defendant had a low normal level of intelligence, understood the proceedings against him, and was capable of assisting in his defense.