SCHOTT, Chief Judge.
After a bench trial, defendant was convicted of possession of at least twenty-eight grams but less than two hundred grams of cocaine and sentenced to five years and a $50,000 fine.
On June 12, 1988, a maid at a New Orleans motel entered Room 110 to clean it. She discovered behind the blinds a bag containing small bags of cocaine. She took this to her manager who called the police. They set up a surveillance of the room and caught the defendant entering the room with a key. He admitted that he had participated with two others in packaging the cocaine two days earlier and kept it in the room. The room was registered in the defendant’s name.
At the beginning of the trial the following occurred:
BY THE COURT:
All right, 332-437, William Coleman. Mr. Cerullo, I understand the defendant’s going to waive trial by jury.
BY MR. CERULLO:
Judge, yes, I would like to pre-try this with you—
BY THE COURT:
Sure, step up.
BY MR. CERULLO:
—a few moments. And also, I’d like to speak with the District Attorney’s Office, and also another possibility I’d— there’s a key witness that we’re trying *752 to get a hold of and I may ask your indulgence if I may continue this trial.
BY THE COURT:
I’m not going to continue it.
BY MR. CERULLO:
Pardon?
BY THE COURT:
I’m not going to continue it. If you subpoenad him — did you subpoena him?
BY MR. CERULLO:
Well, we’re trying to find out his last name.
BY THE COURT:
I tell you what I will do, if he waives trial by jury, if he does that, we’ll proceed with the trial, I’ll recess the trial for you to get time — give you a few days to see if you can get in touch with that witness, I’ll do that for you. I won’t preclude you.
BY MR. CERULLO:
Okay.
BY THE COURT:
Okay? I’ll do that for you.
BY MR. CERULLO:
Okay.
BY THE COURT:
Now, you want to pre-try it now?
BY MR. CERULLO:
Yes, sir.
BY THE COURT:
All right, have your client have a seat in court. (At this time all counsel went into chambers.)
* * sfc ⅜ * sjc
BY THE, COURT:
You understand, Mr. Coleman? You understand that? And you wish to waive your right to a jury trial and be tried by the Judge as a Judge trial, correct?
BY MR. COLEMAN:
Yes, sir.
BY THE COURT:
All right, let the record reflect the defendant in proper person has waived his right to trial by a 12 member jury requiring 10 votes for a verdict, elected to be tried by the court sitting as the trier of fact. Move for rule of sequestration?
By his first assignment defendant contends he was coerced into waiving his right to a jury trial in order to obtain a recess.
Except in a capital case a defendant may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. C.Cr.P. art. 780. Defendant contends that in addition to coercion, his waiver of the jury was not knowing and intelligent because the trial judge failed to give him an independent and complete explanation of his rights.
The colloquy quoted above demonstrates that defendant’s waiver took place prior to any discussion of an absent witness or a continuance. Consequently, he was not forced to give up the jury in order to obtain a continuance.
Better practice dictates that the trial judge provide a defendant with an independent explanation of his right to a trial by jury and the ramifications of a waiver. State v. Kahey, 436 So.2d 475, 487 (La.1983); State v. Wilson, 437 So.2d 272, 275 (La.1983).
The colloquy shows that the defendant was asked by the court if he understood what his counsel said about the waiver and whether it was his wish to waive the jury and be tried by the judge. Although the judge could have said more, under the circumstances defendant’s waiver was knowing and intelligent. The time had come for his trial and he was still trying to locate a witness whose name he did not have. He had been arrested in December, 1988 and the case was called for trial on June 21, 1989. He was not entitled to a continuance and once the trial commenced before a jury all hope for finding the unidentified witness would be gone. The only hope for more time to locate the witness was with a bench trial which could be partially tried and then continued at his request. This is exactly what happened. The trial judge continued the case at the end of the first day on June 21 and July 7, then until July 14, the July 21, and finally *753 July 25. As in Kahey the record shows that defendant took the option of a bench trial as a trial strategy because the bench trial gave him the benefit of several continuances which could not have been afforded him during a jury trial. This assignment is without merit.
By his next assignment, defendant argues that the state failed to prove that he possessed the drugs. He contends that the state failed to prove his knowledge that the drugs were there and his control and dominion over them. The evidence that the room was registered in his name and that he was entering the room with the key coupled with his admission that he had participated in packaging the drugs and leaving it there was sufficient to convince a rational trier of fact beyond a reasonable doubt that he had constructive if not actual possession of the drugs and was exercising dominion and control over them especially when the evidence is considered in the light most favorable to the prosecution.
By his last assignment defendant contends that the $50,000 or one extra year in jail in default of payment constitutes an excessive sentence in violation of his constitutional rights. There is a statutory mandate for the extra imprisonment up to one year in default of the payment of a fine, C.Cr.P. art. 884, and the $50,000 fine in this case is mandatory. R.S. 40:967(F)(1)(a). The law is well settled that the added jail time in default of fine provision may not be imposed on an indigent, but nothing in the record suggests that the defendant is indigent. He has private counsel and was able to post a $50,000 appeal bond.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.