JONES, Judge.
The defendant, Sherin Harvey, was convicted of a violation of La.R.S. 40:966(A), relative to distribution of heroin. We reverse the trial court’s judgment, vacate defendant’s conviction and sentence and remand this matter for a new trial.
New Orleans Police Officer Patrick Warner was working as an undercover narcotics officer on July 20, 1984 when he met the defendant near the intersection of Gallier and Law Streets. Officer Warner testified that the defendant sold him a packet of heroin for twenty-five dollars. A confidential informant was with Officer Warner when the transaction took place. Subsequent tests performed on the substance found in the packet revealed that the packet contained heroin. The defendant was arrested one month later when he was identified by Officer Warner.
New Orleans Police Officers Frank Wiekes and Gregory Elder were Officer Warner’s backups. They were located in an unmarked vehicle one block from Officer Warner’s vehicle. Both officers testified that they saw a black male lean on the passenger side of Officer Warner’s vehicle. After a few seconds, the suspect left.
The defendant denied any participation in the drug transaction. He testified that he was not in the vicinity of the intersection of Gallier and Law on the date of the incident. Defendant contended that on the morning of July 20, 1984 he went to a methadone clinic on Desire Street, and later in the day met with his federal probation officer. Upon cross-examination, the defendant admitted to prior convictions for armed robbery, forgery, possession of stolen property, and issuing worthless checks.
At his arraignment on October 15, 1984, the defendant pled not guilty. The defendant waived his right to a trial by jury, and on March 26, 1985 was found guilty as charged by the trial judge. Defendant filed a motion for new trial on April 11,1985 which was denied. On April 16, 1985, the defendant filed another motion for new trial and a motion to quash- The trial court denied the motions and sentenced defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Defendant’s motion for appeal was granted on the same day. This Court, in an errors patent appeal, affirmed defendant’s conviction and amended the sentence to delete the prohibition, of parole. State v. Harvey, 487 So.2d 630 (La.App. 4th Cir.1986).
In writ #92-K-1499, this Court ordered the trial court to grant an out of time appeal to defendant, where this Court found that the defendant was entitled to an out of time appeal under Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990).
The record reveals two errors patent. The trial court failed to wait the required twenty-four hours after denying a motion for new trial before sentencing the defendant. See La.C.Cr.P. article 873. However, failure to observe the delay is harmless error where the defendant did not challenge his sentence *1294 on appeal. State v. Collins, 584 So.2d 356 (La.App. 4th Cir.1991).
.The second error occurred when the trial court sentenced the defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. La. R.S. 40:966 provides the sentence must be served without benefit of “probation or suspension of sentence.” The defendant’s sentence was amended to delete the prohibition of parole. State v. Harvey, 487 So.2d 630 (La.App. 4th Cir.1986).
By his first assignment of error, the defendant argues that he did not knowingly, intelligently and voluntarily waive his right to trial by jury. On the morning of trial, the trial court was informed that the defendant had elected to proceed with a bench trial. The trial transcript reflects that the following colloquy took place between defense counsel and the trial judge.

BY THE COURT:

No. 303-966, State versus Sherin Harvey.
Mr. Welch it’s my understanding that you and Mr. Harvey have discussed the fact that he is entitled to a trial by jury on this matter, and that after discussion with Mr. Harvey, that you and Mr. Harvey have decided to waive the jury in this matter, and be tried by the judge alone. Is that correct?

BY MR. WELCH:

Yes, Your Honor.

BY THE COURT:

Let the record reflect that both Mr. Harvey and Mr. Welch say that is correct.
Except for offenses punishable by death, a defendant may knowingly and intelligently waive his right to trial by jury and elect trial by the district judge. La.C.Cr.P. article 780.
The better rule as to insuring that a defendant has been advised of his constitutional right to a trial by jury, and has waived this fundamental right, was expressed by Justice Lemmon when he said
... As in the case of other significant rights, however, waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly. In order to protect this valuable right, as well as to prevent post-conviction attacks on the waiver, the better practice is for the trial judge to advise the defendant 'personally on the record of his right to trial by jury and require the defendant to waive the right personally either in writing or by oral statement in open court.
State v. Wilson, 437 So.2d 272 (La.1983). (emphasis added)
In the instant case defendant complains that he did not voluntarily waive his right to a jury trial. Defendant’s waiver is not on the record. Therefore, it cannot be said that the defendant knowingly and intelligently waived his constitutional right to a trial by jury. On this basis alone, defendant is entitled to a new trial.
Having determined that the defendant is entitled to a new trial due to a deprivation of his constitutional right to a trial by jury, we pretermit discussion of his remaining assignments of error, vacate his conviction and sentence and remand to the trial court for a new trial.

REVERSED AND REMANDED.

BYRNES, J., dissents.