BYRNES, Judge,
dissents with reasons.
A waiver of a jury trial is proper when it is made by defense counsel when the record shows that the defendant understood his right to a jury trial and consented to the waiver. State v. Kahey, 436 So.2d 475 (La. 1983); State v. Coleman, 572 So.2d 750 (La. App. 4 Cir.1990), writ granted in part on other grounds, 576 So.2d 518 (La.1991).
The trial court addressed both the defendant and his attorney in open court when it questioned them about the defendant’s understanding when he selected a bench trial. The defendant did not object when the trial court conveyed to the defendant that he was entitled to a jury trial but the court understood that the defendant discussed the matter with his attorney before he waived his right to have a jury hear his case. The defense attorney answered the question in the affirmative on behalf of the defendant. The judge stated: “Let the record reflect that both Mr. Harvey and Mr. Welch say that *1295 is correct.” The proceeding was not constitutionally defective or violative of the defendant’s rights.