648 So.2d 948 (1994)
STATE of Louisiana
v.
Barbara HOUSTON.
No. 94-KA-592.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1994.
*949 John M. Mamoulides, Terry M. Boudreaux, Dist. Atty.'s Office, Gretna, for plaintiff/appellee, State.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant/appellant, Barbara Houston.
Before KLIEBERT and CANNELLA, JJ., and JOHN C. BOUTALL, J. Pro Tem.
JOHN C. BOUTALL, Judge Pro Tem.
Defendant Barbara Houston appeals her conviction and sentence for theft. We affirm.
In March of 1993, the defendant cashed her Social Security check at L & T Supermarket, and then filed a claim with the Social Security Administration alleging that she had never received the check. After the check was returned to the store owner as "stolen," Mrs. Houston was arrested.
She was charged with theft under La.R.S. 14:67. At her arraignment she pled not guilty and following a bench trial, she was found guilty as charged. She was sentenced to two years in Jefferson Parish Correctional Center, with one year of the sentence suspended. Additionally, upon her release, she was ordered to be placed on active probation of five years subject to the conditions that she attend the Jefferson Mental Health Center, take her medication, and refrain from seeking custody of her grandchildren.
Defendant appeals, alleging that her conviction in a bench trial was unconstitutionally obtained in that she did not knowingly waive her right to a trial by jury and that the court imposed an illegal sentence. She also requests review for errors patent.

WAIVER OF TRIAL BY JURY
La.R.S. 14:67(B)(2) provides that the punishment for conviction under this section is not more than two years with or without hard labor. Therefore, defendant was entitled to a trial by a six person jury. La. Const. Art. 1 Sec. 17; La.C.Cr.P. Art. 782. However, those statutes also provide that a defendant may knowingly and intelligently waive this right. See also La.C.Cr.P. art. 780. This waiver must be express and is never presumed. State v. McCarroll, 337 So.2d 475 (La.1976). It has been held that the preferable practice is for the trial judge to advise the defendant personally on the record of his right to trial by jury and require the defendant to waive the right personally on the record either in writing or by oral statement in open court. See State v. Wilson, 437 So.2d 272 (La.1983); State v. *950 Richardson, 575 So.2d 421 (La.App. 4 Cir. 1991).
Nevertheless, the court has not required that the trial judge personally inform the defendant of his right to trial by jury, and has approved a waiver made by a defense attorney in open court in the presence of the defendant. See State v. Phillips, 365 So.2d 1304 (La.1978); also, State v. Richardson, supra. In the present case, the record shows that the defendant was informed at her arraignment of her right to trial by jury; on the morning of trial, her attorney, in her presence, stated to the court that "We're going to waive her right to a trial by jury and be tried by the bench," at which time defendant made no objection. We note that her testimony later at trial evidences that she was aware and alert, and able to make appropriate responses to counsel's questions. Finally, this defendant had prior experience as an accused in a criminal prosecution. Under these circumstances, we find the defendant knowingly and intelligently waived her right to a jury trial. State v. Phillips, supra; State v. Richardson, supra. This assignment of error is without merit.

ILLEGAL SENTENCE
The record discloses that a motion to reconsider sentence was never filed. La. C.Cr.P. art 881.1(D) provides as follows:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Since defendant has failed to file the requisite motion, she is precluded from raising this issue on appeal. State v. Alas, 622 So.2d 836 (La.App. 5 Cir.1993) writ denied, 629 So.2d 397 (La.1993).
This assignment of error is without merit.

ERRORS PATENT
We have reviewed the record for errors patent in accordance with La.C.Cr.P. 920 and State v. Williams, 593 So.2d 753 (La.App. 5 Cir.1992). The sentencing transcript reveals that the trial court imposed a two year sentence of which only one year was suspended. However, the commitment and minute entry reflect that the court suspended two years of the sentence and ordered the defendant to serve one year in Jefferson Parish Correctional Center as a condition of probation. Since the transcript prevails where there is such a discrepancy, State v. Lynch, 441 So.2d 732 (La.1983), it is necessary to correct the commitment and minute entry to reflect the sentence imposed as stated in the transcript: "Barbara Houston, I sentence you to two years incarceration in the Jefferson Parish Correctional Center. I will suspend one year of that sentence and order that you upon release from prison you will serve five years active probation."

DECREE
For the foregoing reasons, the conviction and sentence of defendant are affirmed. The commitment and minute entry are hereby corrected to reflect that the defendant is ordered to serve two years incarceration at the Jefferson Parish Correctional Center with one year of that sentence suspended. The sentence is affirmed in all other respects.
CONVICTION AND SENTENCE AFFIRMED.