JiBYRNES, Judge.
The State requests a review of the trial court’s ruling which granted the defendant’s motion to suppress evidence. We reverse and remand.
In early August, 1996, police officers in Plaquemines Parish received information that “Mattie” Clausen was selling cocaine and LSD in large amounts. However, the officers were unable to confirm this information during the next two months. On October 1, 1996, the officers received information from a known and reliable informant that Clausen was driving to New Orleans that evening to buy some LSD. The officers established a surveillance and followed Clau-sen from Plaquemines Parish to the French Quarter in New Orleans, where they observed him enter a building on Dumaine Street. A short time later Clausen left the building, reentered his car, and drove back toward Plaquemines Parish. The officers followed, and sometime after he had entered the parish, the officers saw him make a left turn without using his turn signal. In addition, the officer could see he was not wearing a seat belt.
The officers stopped Clausen, asked him to exit his car, and advised him he was under investigation for narcotics activity. Officer Mike Buras did a quick pat down frisk of the defendant and felt something square inside one of his pockets. The officer admitted he could not tell what the object was. He ^testified he asked Clausen what was in his pocket, and Clausen pulled out a small wooden box with a lid which the officer recognized as drug paraphernalia. The officer testified, however, that there was only an odor or at most a residue of marijuana inside the box. The officer seized the box. He also produced a form for consent to search Clausen’s car, which Clausen signed. However, there is no *1068 indication from the transcript that any evidence was seized from the car.
Other officers arrived, and one of those officers searched Clausen. Inside one pocket of Clausen’s pants the officer found two baggies containing a total of twenty “hits” of LSD. After being advised of his rights, Clausen admitted that he had obtained the LSD in New Orleans for a friend. He told the officers he was in the military, was unemployed, and was selling the drugs to make a little extra money. He also agreed to provide information about other drug sellers in Plaquemines.
At issue is whether the evidence obtained from the two searches of the defendant was properly seized. The State contends that the initial stop was legal because the officers had probable cause to arrest the defendant for the traffic violations. Moreover, in addition we find that the investigating officer also had reasonable suspicion to justify the investigatory stop based on a reasonable belief that the defendant had engaged in illegal drug activity, resulting in a valid initial frisk because the officer could reasonably believe that he was in danger and the suspect possessed a dangerous weapon.
A law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense. La.C.Cr.P. Art. 215.1. If an officer stops a person pursuant to art. 13215.1, the officer may conduct a limited pat down frisk for weapons if he reasonably believes that he is in danger or that the suspect is armed. La.C.Cr.P. art. 215.1(B). “Reasonable suspicion” for an investigatory stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient articulable facts within his knowledge to justify an infringement of the suspect’s rights. State v. Matthews, 94-2112 (La.App. 4 Cir. 4/26/95), 654 So.2d 868; State v. Vance, 93-1389 (La.App. 4 Cir. 2/25/94), 633 So.2d 819.
In assessing the reasonableness of an investigatory stop, the court must balance the need to search and seize against the invasion of privacy that the search and seizure entails. State v. Tucker, 604 So.2d 600 (La.App. 2 Cir.1992), affirmed in part, reversed in part on other grounds, 626 So.2d 720 (La.1993); State v. Washington, 621 So.2d 114 (La.App. 2 Cir.1993), writ denied, 626 So.2d 1177 (La.1993). The intrusiveness of a search is not measured so much by scope as it is by whether it invades an expectation of privacy that society is prepared to recognize as reasonable. Twenty-Three Thousand Eight Hundred Eleven and No/100 ($23,811) Dollars in U.S. Currency v. Kowalski 810 F.Supp. 738 (W.D.La.1993).
In reviewing the totality of circumstances, the officer’s past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Jackson, 26,138 (La.App. 2 Cir.1994), 641 So.2d 1081. The reputation of an area is an articulable fact upon which an officer can rely and which is relevant in the determination of | reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4 Cir.1991), writ denied, 578 So.2d 131 (La.1991).
The test for determining whether one has a reasonable expectation of privacy is not only whether the person had an actual or subjective expectation of privacy, but, rather whether that expectation is of a type which society at large is prepared to recognize as being reasonable. State v. McKinney, 93-1425 (La.App. 4 Cir. 5/17/94), 637 So.2d 1120; State v. Lambright, 525 So.2d 84 (La.App. 3 Cir.1988), writ denied 530 So.2d 83 (La.1988).
In State v. Hebert, 95-1563 (La.App. 4 Cir. 1/31/96) 669 So.2d 499, writ denied, 96-0568 (La.6/28/96), 675 So.2d 1117, this court found that the police officer had reasonable suspicion to stop and investigate the defendant because the defendant matched the description given by an anonymous caller of a man engaged in suspicious activity at a street corner.
Deference should be given to the experience of the policemen who were present at the time of the incident. An officer should react for his safety under the conditions and events as they occur. State v. Short, 96-1069 (La.App. 4 Cir. 5/7/97), 694 So.2d 549.
*1069 The facts in the present ease provide more than the mere situation where a person is stopped by a police officer based simply on traffic violations. When the officers stopped the defendant and asked him to exit his car after he had committed traffic violations, the officers had reasonable suspicion to believe that the defendant had engaged in illegal drug activity, based on information that the defendant was dealing in drugs, and in particular from specific information from a rehable confidential informant which was supported by |sofficers who observed the defendant drive from Plaquemines Parish to the French Quarter, enter a building on Dumaine Street, and leave a short time later. From their past experience, the officers could conclude that the defendant’s quick stop in that area was indicative of drug activity. Although the officers did not state how they knew that the informant was reliable so that there may have not been enough information to establish probable cause,[1] under the totality of circumstances, there was sufficient reasonable suspicion to establish reason for a valid investigatory stop.
In addition, once reasonable suspicion is found, paragraph B of La.C.Cr.P. art. 215.1 provides:
When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
The officer need not be absolutely certain that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger. State v. Smith, 94-1502 p. 5 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078, 1082.
Because the officer thought that the defendant was engaging in drug activity in addition to having traffic violations, the officer could reasonably believe that he was in danger and the suspect possessed a dangerous weapon so 16that his pat down search of the defendant was proper under La. C.Cr.P. art. 215.1. When the officer felt the box-like object but could not determine what it was, at that point the officer still could believe that the object could contain a weapon such as a gun or knife. Therefore, the officer properly looked at the object to determine whether it contained a weapon. At that time, the officer saw a wooden box which the officer from past experience recognized to be drug paraphernalia.[2] At that point, the officer had probable cause to arrest the defendant for drug possession. The second search in which the officer found the two baggies was valid under the circumstances where probable cause existed for an arrest for drug possession.
Accordingly, the ruling of the trial court is reversed, and the defendant’s motion to suppress is denied. The case is remanded for further proceedings.

REVERSED AND REMANDED.

JONES, J., dissents with reasons.

. A confidential informant may provide adequate information to establish probable cause for a war-rantless arrest, so long as the basis for the information and the informant’s reliability, when examined under the totality of circumstances, are established. Illinois v. Gates, 462 U.S. 213, 229-30, 103 S.Ct. 2317, 2327-28, 76 L.Ed.2d 527 (1983).

. Officer Buras testified that the wooden box was the size of a large kitchen match box. The officer recognized the box to be similar to drug paraphernalia which usually contained a pipe and marijuana. The box was big enough to contain a weapon so that before the officer saw what it was, it should have been removed from the defendant’s pocket for the officer's safety.