PER CURIAM.
12Writ granted. The court of appeal was correct in reversing the suppression of the evidence seized from the automobile because there was reasonable suspicion to stop the automobile. See State v. Clausen, 97-0885 (La.App. 4 Cir. 7/2/97), 697 So.2d 1066, 1069, writ denied, 97-2420 (La.3/20/98), 715 So.2d 1207. Thereafter, consent to search the automobile was given. After finding crack cocaine under the hood of the automobile, exigent circumstances justified the detention of defendant Kendall Phillips before he could re-enter the premises at 2301 Marigny Street, which was the prior location of the drugs found under the hood of the automobile. See State v. Brisban, 00-3437 (La.2/26/02), 809 So.2d 923, 927-28; *92 State v. Neuman, 01-1066 (La.App. 5 Cir. 4/10/02), 817 So.2d 180, 185. Without entering the premises, the officers observed from the threshold of 2801 Marigny contraband in plain view. See State v. Abadie, 390 So.2d 517, 518 (La.1980).
Regarding the 2305 Marigny Street premises, no search or seizure occurred until after defendant Grant Baham had been given his Miranda[1] rights and questioned and admitted the location of the contraband. See Strange, 876 So.2d at 42; State v. Jarell, 07-1720 (La.App. 1 Cir. 9/12/08), 994 So.2d 620, 627.
The ruling of the trial court is reversed, and the ruling of the court of appeal is reversed in part; the motion to suppress is denied in its entirety. This matter is remanded for further proceedings.
JOHNSON, C.J., dissents.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).