PER CURIAM.
11 Writ granted. The judgment of the Court of Appeal, Fourth Circuit, is reversed and set aside, and the judgment of the trial court denying the defendant’s motion to suppress is reinstated. We find that the initial stop and detention at issue in this case were reasonable under the circumstances.
In reviewing the totality of circumstances for whether reasonable suspicion existed for making an investigatory stop, the officer’s past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable.[1] A reviewing court should give deference to the inferences and deductions of a trained police officer “that might well elude an untrained person.”[2] The reputation of an area is an articulable fact upon which an officer can rely and which is relevant in the determination of reasonable suspicion.[3] With these principles in mind, we review the particular facts and circumstances before us, noting especially that a trial court’s decision relative to the suppression of 12evidence is afforded great weight and should not be set aside unless there has been an abuse of that discretion.[4]
Officer Slagle and Davis were notified by the Violent Crime Abatement Team that the white Yukon SUV operated by the defendant was continuously circling the area around Franklin Avenue and North Roman Street, and thereafter the officers observed the vehicle circle the area several more times.
This was a collaborative effort between a task force and law enforcement officers *826 who were proactively targeting, as Officer Slagle testified, a “highly, very highly violent crime area” that is marked by “an increase in murders, and shootings and armed robberies,” and an area in which there is “a lot of narcotic activity.” The fact that the description of the Yukon SUV’s maneuvers, as communicated by the Violent Crime Abatement Team to Officer Slagle and Davis, were in fact confirmed and corroborated by the two officers provided an adequate basis for reasonable suspicion in making the investigatory stop.
We find that under the totality of these particular facts and circumstances, in this particularly violent and crime-ridden area, where the Violent Crime Abatement Team informed the officers of the defendant’s suspicious behavior, and the officers made independent observations confirming this behavior, there was reasonable suspicion for the officers to make an investigatory stop.
REVERSED AND REMANDED

. State v. Jackson, 641 So.2d 1081 (La.App. 2d Cir.1994).

. State v. Huntley, 708 So.2d 1048, 1049 (La.1998).

. State v. Richardson, 575 So.2d 421 (La.App. 4 Cir.1991), writ denied, 578 So.2d 131 (La. 1991).

. State v. Gates, 2013-1422, p. 9 (La.5/7/14); 145 So.3d 288; State v. Thompson, 2011-0915, p. 13 (La.5/8/12); 93 So.3d 553, 563; State v. Martin, 2011-0082, p. 6; 79 So.3d 951, 955; State v. Wells, 2008-2262, p. 5 (La.7/6/10); 45 So.3d 577, 581.